IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

---

(1) THE QUEENS, LLC, and
(2) CHEROKEE QUEEN, LLC,

    Plaintiffs,

v.                                                               Case No. 4:19-cv-00350-WPJ[1]-CDL

(1) THE SENECA-CAYUGA NATION,
formerly known as the SENECA-
CAYUGA TRIBE OF OKLAHOMA,

    Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Determination of Federal Court Jurisdiction ("Motion") (Doc. 32). Plaintiffs argue that jurisdiction is likely improper because the case does not raise a federal question and no diversity of citizenship can exist when one of the parties is an Indian tribe. Defendant argues that if Plaintiffs believe jurisdiction is improper, they should simply withdraw their case. Having reviewed the parties' submissions and the applicable law, the Court finds that federal court jurisdiction does not exist over this matter and therefore DISMISSES the case.

## BACKGROUND

This matter arises out of a contractual dispute. Allegedly, Plaintiffs had owned and operated multiple lakefront businesses for several years before they sold these businesses,

---

[1] Chief United States District Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

including real and personal property, to Defendant in 2012. Doc. 2 ¶¶ 11–16. Defendant was to use revenue from these businesses to pay the purchase price in a series of installments. *Id.* ¶¶ 16–17. Defendant allegedly paid timely for the first two and a half years but missed several payments beginning in 2015 and ultimately stopped paying. *Id.* ¶¶ 21–23.

The contract contained the following language regarding sovereign immunity:

> **Tribe's Limited Waiver of Sovereign Immunity and Consent to Suit.** The Tribe hereby agrees to, and hereby does, make a limited waiver of its sovereign immunity for the limited purpose of allowing the terms of this Agreement or any agreements referenced herein to be enforced by all Parties or other Party approved third parties to the Agreement or agreements referenced herein by judicial enforcement in any court of competent jurisdiction in equity or law, pursuant to the following order of priority: (i) in applicable federal courts in the State of Oklahoma with all rights of appeal therein, and (ii) in the event that a federal court in the State of Oklahoma determines that it does not have jurisdiction, first, in the courts of the State of Oklahoma, with all rights of appeal therein; and (iii) only if the Oklahoma courts determine that they do not have jurisdiction, any other court of competent jurisdiction; provided, however that liability of the Tribe under any judgment shall always be "Limited Recourse," as defined herein[.]

Doc. 2 ¶ 4. Defendant argues that any waiver of sovereign immunity must take place with the authorization of the tribe's Business Committee, and because the Resolution and meeting minutes reflecting adoption of this contract do not refer to a waiver of sovereign immunity, this section is a nullity and sovereign immunity remains intact. Doc. 10 at 4. Plaintiffs disagree, citing the contents of the Resolution and eventually attaching affidavits from members of the Business Committee affirming that the Business Committee unanimously voted to consent to the contractual waiver of sovereign immunity. *See generally* Docs. 13, 17, 17-1, 17-2, 17-3, 17-4. Defendant claims that because the parties have attached multiple resolutions with different contents, depositions of the affiants are necessary; Plaintiffs say they are not. Docs. 18, 19.

After unsuccessful settlement negotiations, Plaintiffs have moved to ascertain whether subject matter jurisdiction exists for this case to be heard in federal court. Doc. 32. Plaintiffs argue that this matter should be resolved before any other motions are addressed. *Id.* at 1.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal quotation marks omitted). The party seeking to invoke federal jurisdiction bears the burden of proving it, and if that party fails to meet its burden, the federal court "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A challenge to subject matter jurisdiction may be brought at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004). Even if no party raises the issue, the court has an independent obligation to ensure that subject matter jurisdiction is present and may raise the issue *sua sponte*. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

## DISCUSSION

The parties advocate for different approaches with regard to resolving any potential jurisdictional issues. Plaintiffs have moved for the Court to determine jurisdiction, while Defendant argues that if Plaintiffs do not believe jurisdiction is proper, they should issue a Rule 41(a) notice of voluntary dismissal. Accordingly, the Court first addresses this procedural question before moving to the jurisdictional one.

### I. Procedural Posture and Rule 11

Plaintiffs approach this case from a somewhat unusual procedural posture. They initially filed in Oklahoma state court under the belief that federal jurisdiction was lacking; the court awarded them summary judgment. Doc. 32 ¶¶ 4–5. Defendant appealed, arguing in part that the contractual waiver of sovereign immunity required the case to be filed first in federal court. *Id.* ¶ 6. The Oklahoma Court of Civil Appeals concluded that a federal court must determine that it does not have jurisdiction as a condition precedent to the contract's limited waiver of sovereign immunity; because the case had not been to federal court, a federal court had not yet made a determination of federal jurisdiction, and therefore the contractual waiver was not in effect. *Id.* ¶ 7. As a result, even though Plaintiffs do not believe jurisdiction is proper in federal court, they have filed their complaint here so that a federal court can determine whether federal jurisdiction exists. *See id.* ¶ 9.

Defendant argues that Plaintiffs have not pursued the proper legal path because motions under Rule 12 are for defendants to employ, not plaintiffs. Doc. 35 at 1–2. It argues that instead, Plaintiffs should unilaterally dismiss the case under Rule 41(a). *Id.* at 2. Because Plaintiffs have admitted that they do not believe jurisdiction is proper in federal court, Defendant argues that their continued litigation of this case in this forum constitutes a violation of Rule 11. *Id.* at 2–3. First, the Court observes that any party may raise concerns about subject matter jurisdiction at any time. *See, e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) ("Objections to subject-matter jurisdiction, however, may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction." (citations omitted)). Second, Plaintiffs have explained exactly why they have not unilaterally dismissed the case under Rule 41(a) and why they have chosen to file in this forum

despite their doubts about the propriety of jurisdiction. As described above, the Oklahoma Court of Civil Appeals stated that a federal court must determine that subject matter jurisdiction is not present before the contract allows for a waiver of sovereign immunity in state court. Dismissing the case would not allow for such a determination, and the Oklahoma Court of Civil Appeals has indicated that pursuing this question in federal court is not frivolous, but necessary. Plaintiffs' attempt to see the issue through despite their misgivings is not a Rule 11 violation.

Defendant also argues that jurisdictional discovery is appropriate, after which the Court should examine Defendant's earlier-filed motion to dismiss based on tribal sovereign immunity. Doc. 35 at 3. But if the Court lacks subject matter jurisdiction over the case based on a lack of federal question or diversity jurisdiction, then the question of sovereign immunity is best left to a court of competent jurisdiction. Therefore, the Court first considers the issues of federal question and diversity jurisdiction.

## II.     Federal Question Jurisdiction

Subject matter jurisdiction in federal court takes two forms: federal question jurisdiction and diversity jurisdiction. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Federal question jurisdiction covers matters "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, a condition met when the cause of action is created by federal law or turns on a substantial question of federal law, *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Here, the dispute arises out of state law for breach of contract. The complaint presents no federal or constitutional claim, nor does it implicate a treaty. Therefore, under the well-pleaded complaint rule, federal question jurisdiction does not exist.

Defendant's invocation of tribal sovereign immunity is insufficient to set forth a federal question. In *Becker v. Ute Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 948 (10th Cir. 2013), the Tenth Circuit clearly states that tribal sovereign immunity is a federal *defense*, which cannot establish federal question jurisdiction under 28 U.S.C. § 1331. *See also Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989) ("The possible existence of a tribal immunity defense, then, did not convert Oklahoma tax claims into federal questions . . . ."). Further, the fact that one of the parties is an Indian tribe does not change the federal question analysis. The Tenth Circuit has held that a simple breach of contract claim in which one of the parties is a tribe does not satisfy the well-pleaded complaint rule. *Mescalero Apache Tribe v. Martinez*, 519 F.2d 479, 481–82 (10th Cir. 1975). *Martinez*, in conjunction with *Becker* and *Graham* above, demonstrates that the mere involvement of a tribe as a party and the possibility of tribal sovereign immunity as a defense do not establish federal question jurisdiction on their own. Therefore, the Court finds that federal question jurisdiction is not present in this case.

### III.   Diversity Jurisdiction

The second form of federal jurisdiction is diversity jurisdiction. Diversity jurisdiction exists between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendant is an Indian tribe and therefore not a citizen of *any* state. *See Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993) (stating that "available authority holds that Indian tribes are not citizens of any state for purposes of diversity jurisdiction"). Therefore, diversity jurisdiction cannot exist with regard to Defendant. *See generally id.* (affirming lower court

dismissal for lack of diversity jurisdiction when one party was owned and operated by the Mescalero Apache tribe as an unincorporated enterprise and therefore not an entity separate from the tribe).

In fact, Defendant makes no argument regarding the merits of diversity *or* federal question jurisdiction in its brief. *See generally* Doc. 35. Rather, Defendant argues that federal jurisdiction is improper because Defendant is an Indian tribe with sovereign immunity from suit. *Id.* at 3–4. While tribal sovereign immunity *is* a matter of subject matter jurisdiction, *Miner Elec., Inc. v. Muscogee (Creek) Nation,* 505 F.3d 1007, 1009 (10th Cir. 2007), the Court finds it more prudent to decide the matter based on the lack of federal question or diversity jurisdiction in this case because the sovereign immunity question depends on contractual matters intwined with the merits of the case. Because subject matter jurisdiction is absent based on a lack of federal question or diversity jurisdiction, the Court does not reach the sovereign immunity issue.

## CONCLUSION

Because neither federal question nor diversity jurisdiction exists, this case is not properly before the Court. The Court therefore DISMISSES this matter for lack of subject matter jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("Moreover, the district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions sua sponte for a lack of subject-matter jurisdiction.")

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE